1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                   FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    ANTHONY DELA CRUZ GABAY,                    No.  2:13-cv-0032-LKK-AC

11                  Petitioner,

12          v.                                    FINDINGS AND RECOMMENDATION

13    HEIDI M. LACKNER,[1]

14                  Respondents.

15

16          Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for

17    writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The instant federal petition for writ of

18    habeas corpus was filed on December 28, 2012.[2]

19          Pending before the court is respondent's motion to dismiss the petition on the ground that

20    it was filed after the statute of limitations expired.  ECF No. 12.  Petitioner opposed the motion on

21    April 11, 2013, ECF No. 14, and respondent filed a reply on April 25, 2013, ECF No. 16.

22    Resolution of the motion to dismiss turns on the availability of statutory as well as gap tolling

23    during the time period in which petitioner was pursuing state habeas corpus relief.  For the

24    _____

25    [1] Respondent Lackner is substituted for Frank X. Chavez pursuant to Rule 25(d) of the Federal
      Rules of Civil Procedure since Warden Lackner is the current custodian of petitioner.
26    [2] All filing dates referenced herein are based on the use of the prison mailbox rule.  See Houston
      v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d
27    1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by
      incarcerated inmates).

28
                                                    1

1  reasons discussed below, the undersigned recommends granting the motion to dismiss.

2       I.       <u>Procedural History</u>

3       Petitioner challenges his 2008 convictions for multiple counts of committing a lewd and

4  lascivious act on a child under the age of fourteen.  ECF No. 1.  He was convicted following a

5  jury trial in the Sacramento Superior Court and sentenced to 60 years to life.  <u>Id.</u> at 1-2.

6       On February 15, 2010, the California Supreme Court denied his petition for review on

7  direct appeal.  <u>See</u> Lodged Doc. No. 4.  Petitioner then filed a series of state habeas corpus

8  petitions which are relevant to resolution of the pending motion to dismiss.

9       Petitioner first attempted to file a state habeas corpus petition with the California Court of

10 Appeal.  <u>See</u> Lodged Doc. No. 5 (bearing an original file stamp dated 3-18-11 which is struck

11 through by hand along with a notation indicating it was returned).  On March 18, 2011 the habeas

12 petition was returned to petitioner because it was not signed and because it was directed to the

13 wrong court.  ECF No. 15 at 19-20 (letter from California Court of Appeal explaining

14 deficiencies).  On March 25, 2011 petitioner re-filed a habeas corpus petition in the California

15 Court of Appeal that was denied on April 7, 2011.  <u>See</u> Lodged Doc. No. 5, 6.

16      On April 11, 2011 petitioner then filed a habeas corpus petition in the California Supreme

17 Court that was a duplicate of that filed in the California Court of Appeal.  <u>See</u> Lodged Doc. No. 7.

18 The California Supreme Court denied the habeas petition on September 21, 2011.  <u>See</u> Lodged

19 Doc. No. 8.

20      Petitioner then filed a nearly identical state habeas petition in the Sacramento Superior

21 Court on November 7, 2011.  Lodged Doc. No. 9.  On December 9, 2011, the Superior Court

22 denied this petition finding that it was untimely filed.   Lodged Doc. No. 10 (citing <u>In re Robbins</u>,

23 18 Cal.4th 770, 811-812, 812 fn. 32 (1998); <u>and</u> <u>In re Clark</u>, 5 Cal.4th 750, 774-775 (1993)).

24      On May 21, 2012 petitioner filed a state habeas corpus petition complete with exhibits in

25 the Sacramento Superior Court.  Lodged Doc. No. 11.  The claims raised in this petition conform

26 to the grounds presented in the instant federal habeas corpus petition.  <u>Compare</u> Lodged Doc. No

27 11 <u>with</u> ECF No. 1.  The Superior Court denied the state habeas petition on June 26, 2012, once

28 again citing to <u>In re Robbins</u> and <u>In re Clark</u>.  Lodged Doc. No. 12.

1    Petitioner then filed another habeas corpus petition in the California Court of Appeal on

2    July 5, 2012 which was denied on July 13, 2012.  Lodged Doc. Nos. 13, 14.

3    On July 18, 2012 petitioner filed his last state habeas corpus petition with the California

4    Supreme Court.  In a postcard denial, the California Supreme Court rejected the habeas petition

5    on December 12, 2012.  Petitioner then commenced the present action seeking federal habeas

6    corpus relief.

7    II.    Statute of Limitations

8    A.    Commencement of the Limitations Period

9    Section 2244(d) (1) of Title 28 of the United States Code contains a one year statute of

10    limitations for filing a habeas petition in federal court.  The one year clock commences from

11    several alternative triggering dates which are defined as "(A) the date on which the judgment

12    became final by the conclusion of direct review or the expiration of the time for seeking such

13    review; (B) the date on which the impediment to filing ... is removed, if the applicant was

14    prevented from filing by such State action; (C) the date on which the constitutional right asserted

15    was initially recognized by the Supreme Court ... and made retroactively applicable to cases on

16    collateral review; or (D) the date on which the factual predicate of the claim or claims presented

17    could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1).

18    Although petitioner often confuses the law concerning the start date of the statute of limitations

19    with case law regarding equitable tolling, he essentially argues that two potential triggering dates

20    apply to his case.  See ECF No. 14 at 3 (arguing for "equitable tolling" based on a state created

21    impediment).

22    With respect to the first potential triggering date, the parties agree that petitioner's

23    conviction became final for purposes of the AEDPA on July 13, 2010, following the expiration of

24    time to seek certiorari review by the United States Supreme Court.  See 28 U.S.C. §

25    2244(d)(1)(A).  The statute of limitations commenced on the next day and expired one year later

26    on July 13, 2011, absent any statutory or equitable tolling.  See Patterson v. Stewart, 251 F.3d

27    1243 (9th Cir. 2001) (using the anniversary date method for calculating the statute of limitations).

28    Petitioner's proposed alternate triggering date for the statute of limitations is based on the

1   respondent's failure to release his trial transcripts to him in October 2011.  See ECF No. 1-1 at 4

2   (affidavit of petitioner); ECF No. 14 at 4 (argument based on a state created impediment); ECF

3   No. 17 (affidavit of Deanna Laura Gabay indicating date of mailing).[3]  Petitioner's sister mailed

4   his trial transcripts to the prison on or about October 15, 2011.  ECF No. 1-1 at 4.  After several

5   inquiries about the location of his trial transcripts, petitioner was finally able to sign a release

6   form and obtain his transcripts from his correctional counselor on December 19, 2011.  Id.; see

7   also ECF No. 15 at 31 (copy of inmate release form).  Thus, petitioner was denied access to his

8   trial transcripts to research his legal issues for a maximum total of 65 days.[4]  See ECF No. 14 at 4.

9       Under 28 U.S.C. § 2244(d)(1)(B), the statute of limitations may commence from the "date

10   on which the impediment to filing an application created by State action in violation of the

11   Constitution or laws of the United States is removed."  The Ninth Circuit Court of Appeals has

12   determined that this alternate start date applies when the petitioner "show[s] a causal connection

13   between the unlawful impediment and his failure to file a timely habeas petition."  See Bryant v.

14   Arizona Atty. Gen., 499 F.3d 1056, 1060 (9th Cir. 2007); see also Gaston v. Palmer, 417 F.3d

15   1030, 1034-35 (9th Cir. 2005), amended by 447 F.3d 1165 (9th Cir. 2006).

16       In the instant case, petitioner fails to demonstrate the requisite causal connection for two

17   separate reasons.  First and foremost, petitioner lacked access to his trial transcripts from April

18   2010 until October 2011 based solely on his own decision to have appellate counsel mail them to

19   his sister rather than the prison.  See ECF No. 1-1 at 3 (affidavit of petitioner indicating his

20   instructions to appellate counsel).  Secondly, petitioner's lack of access to his trial transcripts did

21   not prevent him from filing state habeas corpus petitions challenging his convictions.  In fact,

22   petitioner was able to file a total of three separate state habeas petitions before he obtained his

23   trial transcripts in December 2011.  Therefore, the record belies petitioner's assertion that his lack

24   _____

25   [3] There is a discrepancy in the dates provided by petitioner compared with those provided by his
    sister, Deanna Laura Gabay.  While petitioner indicates that he requested his sister to mail his

26   trial transcripts to him in prison in October 2011, his sister indicates that the date was October
    2010.  In an abundance of caution, the court will assume that the date provided in the sister's

27   affidavit is a typo and will assume the date used by petitioner is correct.
    [4] Although there is no indication when the prison actually received the trial transcripts from

28   petitioner's sister, the court will use October 15, 2011 as the putative date of receipt.

1    of access to his trial transcripts was a state created impediment causing his untimely filing.[5]

2          For all of these reasons, the undersigned rejects petitioner's request for an alternate start

3    date and finds that the statute of limitations commenced on July 14, 2010 pursuant to 28 U.S.C. §

4    2244(d)(1)(A). [6]

5          B.    Statutory Tolling

6          Under the AEDPA, the statute of limitations is tolled during the time that a properly filed

7    application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

8    § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

9    governing filings, including the form of the application and time limitations.  Artuz v. Bennett,

10   531 U.S. 4, 8 (2000).  An application is pending during the time that "a California petitioner

11   'completes a full round of [state] collateral review,'" so long as there is no unreasonable delay in

12   the intervals between a lower court decision and the filing of a petition in a higher court.

13   Delhomme v. Ramirez, 340 F.3d 817, 819 (9th Cir. 2003), abrogated on other grounds as

14   recognized by Waldrip v. Hall, 548 F.3d 729 (9th Cir. 2008) (per curium) (internal quotation

15   marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193–194 (2006); Carey v.

16   Saffold, 536 U.S. 214, 220, 222–226 (2002).  The statute of limitations is not tolled from the time

17   when a direct state appeal becomes final to the time when the first state habeas petition is filed

18   because there is nothing "pending" during that interval.  Nino v. Galaza, 183 F.3d 1003, 1006

19   (9th Cir. 1999).

20   _____

21   [5] Petitioner's argument stands on firmer ground as it relates to equitable tolling, which is
     discussed *infra*.

22   [6] Even using the date the alleged impediment was lifted as the latest possible triggering date of
     the statute of limitations, the petition is still untimely.  Assuming arguendo that the statute of

23   limitations commenced on December 20, 2011, the day after the impediment was lifted, the
     petition was still filed more than one year later, i.e. on December 28, 2012.  Petitioner is not

24   entitled to any statutory tolling during that one year period because his habeas petition filed on
     May 21, 2012 was deemed untimely filed.  See Pace v. Diguglielmo, 544 U.S. 408 (2005).  The

25   subsequent habeas petitions filed in the California Court of Appeal and the California Supreme
     Court were both denied without citation to authority.  Under Ylst v. Nunnamaker, 501 U.S. 797

26   (1991), the federal court looks through these silent denials to the last reasoned state court decision

27   which in this case is the Superior Court's determination that the petition was untimely.  As a
     result, petitioner is not entitled to any statutory tolling during this entire round of state habeas

28   review.

1    Petitioner's first state habeas petition was filed in the California Court of Appeal on

2    March 25, 2011, tolling the statute 254 days after the commencement of the limitations period.[7]

3    The statute remained tolled through September 21, 2011, when the California Supreme Court

4    denied petitioner's second state habeas petition. See Lodged Doc. Nos. 5-8.

5    Petitioner is not entitled to additional statutory tolling during the pendency of his next two

6    state habeas corpus petitions filed in the Sacramento Superior Court because they were explicitly

7    found to be untimely filed.  See Lodged Doc. Nos. 9-12; see also Pace v. Diguglielmo, 544 U.S.

8    408 (2005); Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007) (finding that a California state

9    court's citation to In re Robbins is a clear ruling on timeliness).  Furthermore, under Ylst v.

10   Nunnemaker, 501 U.S. 797 (1991), the later unexplained orders by the California Court of Appeal

11   and the California Supreme Court are also deemed to rest on the Superior Court's untimeliness

12   determination.  Therefore, the statute of limitations re-started on September 22, 2011 with 111

13   days remaining.  Absent any additional tolling, the statute of limitations expired on January 10,

14   2012.[8]

15       B.    Gap Tolling

16   Statutory tolling continues during the intervals between a lower court's decision in post-

17   conviction proceedings and the proper filing of a new petition or a notice of appeal in a higher

18   court, so long as the filing is deemed timely under state law.  Evans v. Chavis, 546 U.S. 189

19   (2006).  Petitioner argues that he is entitled to gap tolling during the interval between the denial

20   of his second state habeas petition by the California Supreme Court on September 21, 2011 and

21   the filing date of his third state habeas petition in the California Superior Court on November 7,

22   2011.  While this 47 day interval is not considered an unreasonable delay between filings,

23

24   [7] The court notes that petitioner's initial attempt at filing his habeas petition in the California
     Court of Appeal on March 18, 2011 does not toll the statute of limitations because it was not
25   "properly filed."  See Artuz v. Bennett, 531 U.S. at 8.  In fact, it was rejected for filing and
     returned to petitioner.  See ECF No. 15 at 19-20.
26   [8] A state habeas corpus petition filed after the expiration of the federal statute of limitations does
     not revive it.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Therefore, all of
27   petitioner's state habeas corpus petitions filed in 2012 do not toll the statute of limitations because
     it had already expired by the time they were filed.
28
                                          6

1   petitioner's claim for gap tolling fails for a separate reason.  Petitioner commenced a new round

2   of review by filing his third habeas corpus petition in the Sacramento Superior Court which raised

3   entirely different grounds for relief.  See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003) (finding

4   that the application for state habeas corpus relief was not pending between the end of the first

5   round of petitions and the commencement of a second round filed in a lower court raising

6   different claims).  As a result, petitioner ceased to have any state habeas corpus petition pending

7   once the California Supreme Court denied his second state habeas corpus petition.  He is

8   therefore not entitled to any gap tolling between September 21, 2011 and November 7, 2011.

9        Petitioner also argues that he is entitled to gap tolling between the Sacramento Superior

10   Court's denial of his third state habeas petition on December 9, 2011 and the filing of his next

11   state habeas petition on May 21, 2012.  However, this 164 day delay in filing his next state habeas

12   corpus petition was deemed an unreasonable delay by the Sacramento Superior Court.  Compare

13   Banjo v. Ayers, 614 F.3d 964, 971 (9th Cir. 2010) (finding that Banjo's delay of 146 days

14   between the first and second petitions filed in the superior court was unreasonable); Chaffer v.

15   Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (finding that delays of 101 and 115 days between

16   filings were unreasonable and therefore not entitled to interval tolling); Velasquez v. Kirkland,

17   639 F.3d 964, 968 (9th Cir. 2011) (holding that interval delays of 81 days and 92 days between

18   filings was unreasonable).  Since the Sacramento Superior Court deemed his fourth state habeas

19   corpus petition unreasonably delayed and therefore untimely as a matter of state law, there was

20   nothing pending between December 9, 2011 and May 21, 2012.  Compare Evans, 546 U.S. 189

21   (holding that an unexplained delay of at least six months between California Court of Appeal's

22   denial of state habeas petition and the filing of a notice of appeal from that decision in the

23   California Supreme Court could not be "reasonable" under state law and thus not timely filed for

24   the purposes of tolling the federal statute of limitations).

25        For these reasons, the undersigned recommends that petitioner be denied gap tolling for

26   the intervals between his second and third as well as third and fourth state habeas corpus

27   petitions.  This renders his 28 U.S.C. § 2254 petition untimely filed absent any additional

28   equitable tolling.

1  　　C.　　Equitable Tolling

2　　　　　1.　　Lack of Access to Trial Transcripts

3　　　A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of

4 limitations only if the petitioner shows: (1) that he has been pursuing his rights diligently; and (2)

5 that some extraordinary circumstance stood in his way and prevented timely filing.  See Holland

6 v. Florida, 560 U.S. 631 (2010); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir.2009).  An

7 "extraordinary circumstance" has been defined as an external force that is beyond the inmate's

8 control.  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  The diligence required for

9 equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence."  See

10 Holland, 560 U.S. at 2565; see also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010).  In this

11 case, petitioner alleges that the 65 day period in which he was denied access to his trial transcripts

12 was an extraordinary circumstance beyond his control that justifies equitable tolling.  See Lott v.

13 Mueller, 304 F.3d 918 (9th Cir. 2002) (remanding to the district court to determine whether

14 prisoner's denial of access to his legal files justified equitably tolling the statute of limitations).

15 As respondent points out, even if granted equitable tolling for this time period, the statute of

16 limitations would have expired on March 15, 2012.  This would render the instant federal habeas

17 petition more than nine months late.  The court therefore finds that even assuming equitable

18 tolling is appropriate, but still not enough to save petitioner's federal habeas petition from being

19 untimely filed.

20　　　　　2.　　Actual Innocence

21　　　The U.S. Supreme Court has recently agreed with the Ninth Circuit that the "actual

22 innocence" exception applies to the AEDPA's statute of limitations.  See McQuiggin v. Perkins,

23 133 S.Ct. 1924 (2013); Lee v. Lampert, 653 F.3d 929, 934 (9th Cir. 2011) (en banc). "[A]

24 credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations

25 period, and a petitioner who makes such a showing may pass through the Schlup gateway and

26 have his otherwise time-barred claims heard on the merits."  Lee, 653 F.3d at 932.  Under Schlup

27 v. Delo, 513 U.S. 298 (1995), a petitioner must produce sufficient proof of his actual innocence to

28 bring him "within the 'narrow class of cases ... implicating a fundamental miscarriage of

1  justice.'" 513 U.S. at 314–15 (quoting <u>McCleskey v. Zant</u>, 499 U.S. 467 (1991)).  Evidence of

2  innocence must be "so strong that a court cannot have confidence in the outcome of the trial

3  unless the court is also satisfied that the trial was free of nonharmless constitutional error."

4  <u>Schlup</u>, 513 U.S. at 316.  To pass through the <u>Schlup</u> gateway, a "petitioner must show that it is

5  more likely than not that no reasonable juror would have convicted him in light of the new

6  evidence...." <u>Id.</u> at 327.  <u>Schlup</u> additionally requires a petitioner "to support his allegations of

7  constitutional error with new reliable evidence—whether it be exculpatory scientific evidence,

8  trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial."

9  <u>Lee v. Lambert</u>, 653 F.3d at 937–38.

10         In his federal habeas corpus application, petitioner alleged as ground five for relief that he

11  was actually innocent because "at least one of the alleged victim(s) had multiple sexual

12  encounters with their own brother and it had happened over a period of time, and was 'ongoing.'"

13  ECF No. 1 at 26.  Petitioner attached copies of police reports documenting the investigation of

14  molestation by the victim's brother as well as petitioner himself.  ECF No. 1-1 at 9-119.

15  Petitioner asserts that he "is innocent of the charged crimes against him, and if the jury would

16  have had the evidence of the brother committing the charged acts, petitioner would not of [sic]

17  been found guilty."  ECF No. 14 at 11.

18         The discovery documents provided by petitioner in support of his actual innocence

19  demonstrate that one of the victim's brothers separately admitted to police that he had sexual

20  intercourse with his sisters Erica and Katrina.  ECF No. 1-1 at 13.  However, during the

21  investigation into the brother's acts of molestation, one of the victims, Erica Doe, also disclosed

22  inappropriate touching by her uncle, Anthony Gabay.  <u>Id.</u> at 18.  This victim "stated that her uncle

23  and her brother did not sexually abuse her during the same time period." <u>Id.</u> at 48.  Therefore,

24  two separate criminal prosecutions were initiated.  Petitioner not only admitted in a phone sting to

25  molesting one of the victims, but he also wrote a letter of apology to this victim admitting the acts

26  for which he was accused.  <u>See</u> ECF No. 1-1 at 122.  While petitioner concedes that he "made

27  some statements under duress that he committed acts against 'one' of the alleged victims," he

28  does not dispute that the apology letter was written in his own hand without any prompting from

9

1  police as to what to say in it.  See ECF No. 14 at 8-9 (arguing his verbal confession was false

2  because it was induced by the police officer's threats to take away his own children).

3          Even assuming the documents attached to the petition constitute "new evidence," they do

4  not come close to meeting Schlup's standard that it is more likely than not that no reasonable

5  juror would have convicted petitioner in light of all the evidence.  Schlup, 513 U.S. at 327.  As

6  the trial court explained in denying state habeas relief on grounds that this alleged third party

7  culpability evidence was improperly excluded from trial,

8              "[t]his was not a case of identity; rather, there were three victims of
               sexual crimes in this case, two of whom were petitioner's nieces
9              and the third of whom was the niece of petitioner's wife.  All three
               victims knew petitioner well and testified about multiple sexual
10             violations committed by petitioner on them.  There was no doubt
               that these three victims were accusing petitioner, in particular, of
11             having committed crimes against them.  The issue was not 'who'
               committed sex offenses against them, but 'if' petitioner had
12             committed sex offenses against them.  Whether one of them was
               additionally molested by her own brother was irrelevant to whether
13             petitioner had committed acts upon her."

14  ECF No. 15 at 29 (order denying habeas relief).  For this reason, petitioner is not entitled to

15  equitable tolling of the statute of limitations based on his assertion of actual innocence.

16          Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss be

17  granted.

18          These findings and recommendations are submitted to the United States District Judge

19  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

20  after being served with these findings and recommendations, any party may file written

21  objections with the court and serve a copy on all parties.  Such a document should be captioned

22  "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections,

23  he shall also address whether a certificate of appealability should issue and, if so, why and as to

24  which issues.  Where, as here, the petition was dismissed on procedural grounds, a certificate of

25  appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it

26  debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of

27  reason would find it debatable whether the petition states a valid claim of the denial of a

28  constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v.

1    McDaniel, 529 U.S. 473, 484 (2000)).  Any response to the objections shall be served and filed

2    within fourteen days after service of the objections.  The parties are advised that failure to file

3    objections within the specified time may waive the right to appeal the District Court's order.

4    Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5    DATED: January 3, 2014

6                                                            allison Clare
                                                            _____

7                                                            ALLISON CLAIRE
                                                            UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11